## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 23 2019, 10:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniel Hageman
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dominique Mitchell,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 23, 2019

Court of Appeals Case No.
18A-CR-2429

Appeal from the
Marion Superior Court

The Honorable
Peggy Hart, Magistrate

Trial Court Cause No.
49G10-1805-CM-17114

**Vaidik, Chief Judge.**

[1] In September 2018, Dominique Mitchell was convicted of three misdemeanors—carrying a handgun without a license, driving while

suspended, and possession of marijuana—and sentenced to 120 days on home detention through Marion County Community Corrections. The trial court ordered Mitchell to pay a home-detention fee but did not specify the amount of the fee. In November 2018, Marion County Community Corrections filed a discharge summary indicating that Mitchell had successfully completed his sentence, that he had "paid $150 towards [his] fees," and that he is "currently $422 in arrears to Marion County Community Corrections." Appellant's App. Vol. II p. 51. Apparently Marion County Community Corrections had itself determined that Mitchell's home-detention fee would be $572.

[2] Mitchell now appeals, arguing that it is the responsibility of the trial court to set an offender's home-detention fee and asking us to remand this matter to the trial court for that purpose. Indiana Code section 35-38-2.5-6(7) provides that an order for home detention must include, among other things, "[a] requirement that the offender pay a home detention fee **set by the court**[.]" (Emphasis added.) The State agrees that, in light of this statute, remand is appropriate. We agree with the parties and remand this matter to the trial court so that it can set the amount of the home-detention fee.

[3] Remanded.

Kirsch, J., and Altice, J., concur.